**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
FORT LAUDERDALE DIVISION
CIVIL ACTION**

MICHAEL GEORGE FORREST,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　CASE NO. 01:16-cv-62181

ANTHONY PUSTIZZI, in his official capacity
as Police Chief of the City of Coral
Springs Police Department,
A. PLESHER and V. JONES, in their
capacity as Police Officers of the City of Coral
Springs Police Department

    Defendants.

---

**COMPLAINT**

---

**COME NOW,** the Plaintiff, MICHAEL GEORGE FORREST, by and through his undersigned counsel, and sues DEFENDANT, ANTHONY PUSTIZZI, in his official capacity as Police Chief of the City of Coral Springs Police Department and A. Plesher and V. Jones in their capacity as police officers for the City of Coral Springs Police Department for injuries and damages to his person and for the unlawful deprivation of rights accorded to all persons under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. sec. 1983, and assert the following:

**I. STATEMENT OF JURISDICTION**

1.　　This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction) and 42 U.S.C. §1983 (known as the Civil Rights Act).

3. Venue is proper in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, as all of the events and actions giving rise to the causes of action asserted herein occurred in and around Broward County, Florida.

4. This Court has supplemental jurisdiction over the state law and constitutional claims pursuant to 28 U.S.C. §§1367(a), 1343(a)(4), and 1346(b). The same evidence will establish both the federal and state claims, which arose out of a common nucleus of operative facts.

5. Attorney fees, costs, and punitive damages are sought under 42 U.S.C. §1983 and §1988, and other state and federal statutes including federal and state common law, and it is proper for this court to have jurisdiction to mete out any such award.

6. All conditions precedent have been satisfied or complied with prior to filing this action, including but not limited to compliance with all applicable notice provisions of Florida Statues §768.28.

## II. PARTIES

7. At all times material hereto, Plaintiff, MICHAEL GEORGE FORREST, was an adult resident of Broward County, Florida, and was sui juris.

8. Defendant ANTHONY PUSTIZZI, was at all times material hereto the elected Police Chief of the City of Coral Springs Police Department. As Police Chief, PUSTIZZI, is subject to the laws of the State of Florida, and is a "person" for the purposes of this §1983 claim. Additionally, PUSTIZZI is a constitutional officer of the City of Coral Springs Police Department in Broward County, Florida, and, in his official capacity, is an agency of the City of Coral Springs

in Broward County, Florida, which operates as a Police Department in Coral Springs, Broward County, Florida.

9. Defendant A. PLESHER, was at all times material hereto a police officer employed by ANTHONY PUSTIZZI, as Police Chief of the City of Coral Springs of Broward County, and the City of Coral Springs Police Department, Broward County, Florida.

10. Defendant V. JONES, was at all times material hereto an officer employed by ANTHONY PUSTIZZI, as Police Chief of the City of Coral Springs of Broward County, and the City of Coral Springs Police Department, Broward County, Florida.

11. All acts of DEFENDANTS and/or their agents have been taken under color of state law.

### III. FACTUAL BACKGROUND

*A. The arrest*

12. In the late evening hours of January 17, 2016 and into the following morning, MICHAEL GEORGE FORREST ("Plaintiff") was peacefully relaxing in his residence at 5820 W. Sample Road, #207, Coral Springs, Florida, 33067 with his girlfriend of nine years, Angela, and his cousin, Faye, who is from England.  They were watching a movie, *Entrapment*, at the time.

13. At approximately 9:05 p.m. on January 17, 2016, a loud and aggressive knock came from the front door.

14. Plaintiff was not expecting any other visitors that evening.

15. Plaintiff proceeded to the go down the stairs to the front door and look through the peep hole and did not see anyone.

16. As a precaution, Plaintiff drew his legally permitted gun from the holster and concealed it behind his back, so it would not be exposed to anyone when he opened the door.

17. When he opened the door, the plaintiff saw a female officer close to the corner next to the garage, and a male officer coming from behind the door to confront him.

18. They did not identify themselves as police officers., but the plaintiff made the assumption that they were officers since they were wearing uniforms.

19. The female officer, V. Jones, Officer of the City of Coral Springs Police Department ("CCSPD"), asked if there were any females inside the residence. Plaintiff replied that there were two females inside.

20. Officer V. Jones advised Plaintiff that she and her partner, Officer A. Plesher, were investigating a domestic violence complaint in the area and stated that a female person was crying out for help.

21. Plaintiff advised the officers that everything was alright and that they were at the wrong house.

22. The officers asked to confirm that both females in the house were not victims of domestic violence.

23. Next, the male office, A. Plesher, forced the front door open and stood in the doorway.

24. Plaintiff could not replace his gun into the holster for fear that the officers would misunderstand.

25. Therefore, Plaintiff continued to hold his gun behind his back while talking to the officers.

26. In compliance with the officers' requests, the Plaintiff called to his girlfriend and cousin to come downstairs. To do so, Plaintiff I was forced to turn around and call up the stairs.

27. Next thing Plaintiff knew, he heard both officers yelling at him to "drop the fucking gun" and the Plaintiff immediately began to turn around and place the gun down on the stairs so that it would be visible to the officers

28. Before the Plaintiff could state that the gun was on the stairs, Officer A. Plesher punched the Plaintiff in the face breaking his nose.

29. Officer V. Jones engaged by pointing her gun at Angela and Faye, where she told them repeatedly to "Stay the fuck upstairs and don't move".

30. Officer A. Plesher continued physically to assault the Plaintiff by repeatedly punching him in the head, and grabbing his hair as he forced the Plaintiff to the ground onto his stomach.

31. Plaintiff remained passive at all times.

32. Officer A. Plesher continued his assault both verbally and physically by kicking the Plaintiff in the back and placing his feet in the center of the Plaintiff's back while saying, "Give me your fucking hands. I told you how many fucking times to drop the gun and get the fuck down on your stomach".

33. While being beaten, the Plaintiff told the officers that he was within his rights in his own home and had done nothing wrong.

34. Plaintiff asked the officer why he was beating him but instead of answering the officer continued to punch and kick the Plaintiff.

35. Plaintiff was finally lifted from the floor in handcuffs.

36. Plaintiff tried again to explain that the officers had the wrong house.

37. The officers did not seem to care and did not check any other homes nor did they check with the Plaintiff's girlfriend or his cousin.

38. Plaintiff told the officers that the person they were supposed to be helping may have died by that time since they were at the wrong house. They did not seem to care.

39. Plaintiff asked why he was being arrested and the transporting officers stated, "You did not obey the command".

*B. The Unlawful Arrest*

40. The entire exercise was a transparent abuse of authority, as the Plaintiff was complying with the officers' requests.

41. Plaintiff had a right to own a weapon and have it in his home.

42. There was nothing in the actions of the Plaintiff to give the officers reason to attack the Plaintiff. He complied with all commands made by the officers.

43. Due to his injuries caused by the officers at the scene, the Plaintiff was taken to Broward Health Coral Springs and then later unlawfully remanded to the Broward Sheriff's Office.

44. Plaintiff was admitted into the Broward Main Jail and charged with Resisting Officer – Obstruction without violence, by the Offices of the Broward County Sheriff's Office ("BCSO") The officers carrying out the arrest under the pretense of Resisting Officer – Obstruction without violence, was the product of their training from the City of Coral Springs Police Department under the direction of ANTHONY PUSTIZZI.

*C. The Unlawful Detention*

45. From the time he first arrived at the police station at around 1:46 a.m. on January 18, 2016, he continued to experience pain due to the injuries inflicted upon his person by the officers.

46. Plaintiff was forced to endure the booking activity, inmate screening, being forced to strip down and placed in a cell, arraignment and wrongful imprisonment.

47. Plaintiff was forced to seek bail.

48. At no time was Plaintiff provided with pain medication.

49. Unsurprisingly, all charges against Plaintiff were dropped.

50. Plaintiff had to retain counsel and expend monies to secure release from his illegal detention by officers of the CCSPD.

*E. Plaintiff's Medical Damages*

51. Plaintiff sustained a broken nose, concussion, headaches, lacerations and scarring to his right shoulder. He has been forced to undergone psychiatric treatment due to the abuse at the hands of law enforcement personnel of CCSPD.

52. Plaintiff's medical damages are severe and permanent, and will require continuing and costly medical treatment.

## COUNTS

### COUNT I - FALSE ARREST/IMPRISONMENT UNDER 42 U.S.C. §1983

53. Plaintiff, incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

54. At all times relevant herein, Defendant acted within the scope of her employment with CCSPD.

55. Plaintiff has a clearly established constitutional right to be free of any unreasonable seizures and a right to be free from the unlawful abuse of power by agents of the State.

56. Title 42 U.S.C. §1983 states, inter alia: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …."

57. As described more fully above, on or about January 17, 2016, Defendant, acting under color of state law, intentionally caused Plaintiff to be unlawfully detained and deprived of his liberty and freedom of movement against his will.

58. The ongoing detention was intentional, unreasonable, without Plaintiff's consent, against Plaintiff's will, and was done to intimidate Plaintiff with a show of force and to be vindictive.

59. Defendant's actions violated Plaintiff's rights recognized in the Constitution and in 42 U.S.C. sec. 1983.

60. The continued detention of the Plaintiff was intentional and not warranted by the factual circumstances as they were known at the time of the arrest.

61. There was no probable cause to arrest Plaintiff.

62. The stated charges of Resisting Officer – Obstruction without violence were nothing more than a pretext to falsely arrest Plaintiff.

63. As described above, as a direct and proximate result of the false arrest, Plaintiff suffered damages.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against V. JONES for compensatory damages and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## COUNT II - FALSE ARREST/IMPRISONMENT UNDER 42 U.S.C. §1983

64. Plaintiff incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

65. At all times relevant herein, Defendant acted within the scope of his employment with CCSPD.

66. Plaintiff has a clearly established constitutional right to be free of any unreasonable seizures and a right to be free from the unlawful abuse of power by agents of the State.

67. Title 42 U.S.C. §1983 states, inter alia: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …."

68. As described more fully above, on or about January 17, 2016, Defendant, acting under color of state law, intentionally caused Plaintiff to be unlawfully detained and deprived of his liberty and freedom of movement against his will.

69. The ongoing detention was intentional, unreasonable, without Plaintiff's consent, against Plaintiff's will, and was done to intimidate Plaintiff with a show of force and to be vindictive.

70. Defendant's actions violated Plaintiff's rights recognized in the Constitution and in 42 U.S.C. sec. 1983.

71. The continued detention of the Plaintiff was intentional and not warranted by the factual circumstances as they were known at the time of the arrest.

72. There was no probable cause to arrest Plaintiff.

73. The stated charge of Resisting Officer – Obstruction without violence was nothing more than a pretext to falsely arrest Plaintiff.

74. As a result of the false arrest, Plaintiff suffered damages.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against A. PLESHER for compensatory damages and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

**COUNT III - FALSE ARREST/IMPRISONMENT UNDER 42 U.S.C. §1983**

75. Plaintiff, incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

76. At all times relevant herein, Defendant acted within the scope of his employment as officer CCSPD.

77. Plaintiff has a clearly established constitutional right to be free of any unreasonable seizures and a right to be free from the unlawful abuse of power by agents of the State.

78. Title 42 U.S.C. §1983 states, inter alia: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …."

79. As described more fully above, on or about January 17, 2016, officers of the CCSPD, acting under color of state law, intentionally caused Plaintiff to be unlawfully detained and deprived of his liberty and freedom of movement against his will.

80. Officer Jones and Officer Plesher were at all times acting pursuant to the City of Coral Springs Police Department (through Police Chief Pustizzi's) policies, customs, and practices for arresting persons without probable cause, and the de facto

policies, customs and practices of such arrests being sustained on the ability to imagine and write up pre-textual narratives. These de facto policies, customs, and practices were the moving force behind the deprivations of Plaintiff's constitutional rights, and resulted in conduct that was recklessly and deliberately indifferent Plaintiff's constitutional rights.

81. Police Chief Pustizzi and the CCSPD condoned and supported the practices of Officer Jones and Officer Plesher who falsely arrested individuals for alleged Resisting Officer – Obstruction without violence on or about January 17, 2016. Chief Pustizzi implemented a policy, custom, or practice of allowing CCSPD officers to make false arrests and to detain persons without probable cause by using the veneer of Resisting Officer – Obstruction without violence to paper over unconstitutional detentions.

82. The ongoing detention was intentional, unreasonable, without Plaintiff's consent, against Plaintiff's will, and was done to intimidate Plaintiff with a show of force and to be vindictive.

83. The officers' actions violated Plaintiff's rights recognized in the Constitution and in 42 U.S.C. sec. 1983.

84. The continued detention of the Plaintiff was intentional and not warranted by the factual circumstances as they were known at the time of the arrest.

85. There was no probable cause to arrest Plaintiff.

86. The stated charges of Resisting Officer – Obstruction without violence were nothing more than a pretext to falsely arrest Plaintiff.

87. As described above, as a result of the false arrest, Plaintiff suffered damages.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against ANTHONY PUSTIZZI, acting in his official capacity as Police Chief of the City of Coral Springs Police

Department, for compensatory damages and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

### **COUNT IV - EXCESSIVE FORCE UNDER 42 U.S.C. §1983:**

88. Plaintiff, incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

89. Without probable cause or reasonable suspicion that Plaintiff had committed a crime, Jones and Plesher unlawfully authorized Plaintiff's arrest for the improper motivation of Resisting Officer – Obstruction without violence when they knew that he did not resist arrest and complied with all of their commands.

90. Plaintiff has the right under both the Fourth and Fourteenth Amendment to be free from having excessive force used against her person. The force used by Plesher during the seizure was excessive under the circumstances presented and therefore completely unreasonable.

91. The circumstances did not indicate that a crime had been committed, nor was either Plaintiff displaying any kind of provocation or threats or alarm. Yet Plaintiff was pulled beaten and abused by Plesher causing great bodily harm including fracturing the Plaintiff's nose.

92. The use of *any* force against a person not suspected of any criminal activity may be excessive and may constitute a violation of sec. 1983.

93. As a direct and proximate result of the constitutional violations and acts described above, Plaintiff suffered damages including, but not limited to, physical injuries such as broken nose, concussion, lacerations and scarring to his right shoulder, Post-traumatic stress, nightmares, panic attacks, aches, as well as emotional distress and medical expenses in the past and in the future. Plaintiff is entitled to recover for such damages through 42 U.S.C. § 1983.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against A. PLESHER for compensatory damages and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## COUNT V - EXCESSIVE FORCE UNDER 42 U.S.C. §1983:

94. Plaintiff incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

95. Without probable cause or reasonable suspicion that Plaintiff had committed a crime, Jones and Plesher unlawfully authorized Plaintiff's arrest for the improper motivation of Resisting Officer – Obstruction without violence knowing that the Plaintiff had complied with every order and/or demand made by the officers.

96. Plaintiff has the right under both the Fourth and Fourteenth Amendment to be free from having excessive force used against her person. The force used by Plesher was excessive under the circumstances presented and therefore completely unreasonable.

97. The circumstances did not indicate that a crime had been committed, nor was either Plaintiff displaying any kind of provocation or threats or alarm. Yet Plaintiff was beaten and abused.

98. Additionally, Police Chief Pustizzi, acting in his official capacity as Police Chief of the City of Coral Springs Police Department, was aware of various lawsuits complaining that his officers used excessive force on other arrestees in circumstances not warranting the use of such force. These lawsuits demonstrate pattern and practice of the CCSPD impermissibly training its officers to make arrests in circumstances where it is objectively apparent that no law been broken,

as well as the inadequacy of training to refrain from using excessive force and from showing an utter disregard for human dignity.

99. The use of *any* force against a person not suspected of any criminal activity may be excessive and may constitute a violation of sec. 1983.

100. The de facto policies, customs, and practices of Police Chief Pustizzi, acting in his official capacity as Police Chief of the City of Coral Springs Police Department, were the moving force behind the excessive force and deprivation of constitutional rights suffered by Plaintiff and has not been remedied.

101. As a direct and proximate result of the constitutional violations and acts described above, Plaintiff suffered damages including, but not limited to, physical injuries such as broken nose, concussion, headaches, lacerations and scarring of his right shoulder, nightmares, panic attacks, aches, as well as emotional distress and medical expenses in the past and in the future. Plaintiff is entitled to recover for such damages through 42 U.S.C. § 1983.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against ANTHONY PUSTIZZI, acting in his official capacity as Police Chief of the City of Coral Springs Police Department, for compensatory damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

### **COUNT VI - NEGLIGENT TRAINING/SUPERVISION:**

102. Plaintiff, incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

103. Defendants owed Plaintiff a duty to protect Plaintiff from unreasonable searches and seizures, false arrests, and wrongful incarcerations.

104. Defendants breached that duty by failing to properly train, instruct, oversee and/or manage all levels of the CCSPD police officers to ensure that they adequately, reasonably, and responsibly performed their duties not to harm or abuse the public, including falsely arresting Plaintiff.

105. Anthony Pustizzi, acting in his official capacity as Police Chief of the City of Coral Springs Police Department, had complete control and authority over all officers in the CCSPD, including Officer V. Jones and Officer A. Plesher. The CCSPD, acting through Chief Pustizzi, inadequately trained, supervised, and/or disciplined Jones, Plesher, and other CCSPD officers. Pustizzi's deficiencies in training include, *inter alia*, failing to:

(a) Educate officers in the standards of law enforcement, and in particular about the proper ways to investigate a domestic violence matter;

(b) Ensure that CCSPD officers to understand both the concepts of reasonable suspicion and probable cause, and the natural limits of those concepts; and

(c). Instruct CCSPD officers on how to keep from abusing the power reposed in them, including training them on the usage of force, and training officers to not falsely report on official documents (including reporting of conditions for probable cause).

106. Additionally, under Pustizzi's leadership the CCSPD implemented policies whereby all CCSPD officers were armed with the legal know-how/ability to set up a false probable cause arrest through the pre-textual use of the Resist Officer – Obstruct without violence.

107. As described in more detail above, the failure of Pustizzi, acting in his official capacity as Police Chief of the City of Coral Springs Police Department, to adequately train and supervise CCSPD officers resulted in Plaintiff being the victim of a barrage of tortious conduct at

the hands CCSPD officers, including, but not limited to, being subjected to the use of excessive force, false arrest, and cruel and unusual punishment.

108. Despite knowledge of systematic training deficiencies which led to CCSPD practices of making false arrests, using excessive force/withholding medical treatment/hydration to heap abuse upon detainees, and despite being on notice of the need for further training and supervision in those particular areas, Anthony Pustizzi as Police Chief still continued to make a deliberate choice not to take any action.

109. As a direct and proximate result of the constitutional violations and acts described above, Plaintiff suffered damages including, but not limited to, physical injuries such as broken nose, concussion, lacerations and scarring to his right shoulder, post-traumatic stress, nightmares, panic attacks, aches, emotional distress and medical expenses in the past and in the future.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against ANTHONY PUSTIZZI, acting in his official capacity as the Chief of Police for the City of Coral Springs Police Department, for compensatory damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## **COUNT VII - BATTERY:**

110. Plaintiff incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

111. At all times relevant herein, Plesher acted within the scope of his employment with CCSPD.

112. Plesher inflicted a harmful and offensive touching on Plaintiff by, without probable cause, aggressively beating and abusing Plaintiff.

113. Plesher's harmful and offensive touching was intentional and done for the purpose of humiliating and injuring Plaintiff.

114. As a direct and proximate result of Plesher's harmful and offensive touching of Plaintiff, Plaintiff has suffered physical and mental injuries with great humiliation.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against A. PLESHER for compensatory and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## COUNT VIII - BATTERY:

115. Plaintiff incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

116. At all times relevant herein, V. Jones and A. Plesher acted within the scope of their employment with CCSPD.

117. Plesher inflicted a harmful and offensive touching on Plaintiff by, without probable cause, aggressively beating and abusing Plaintiff.

118. Plesher's harmful and offensive touching was intentional and done for the purpose of harming and humiliating Plaintiff.

119. As a direct and proximate result of Plesher's harmful and offensive touching of Plaintiff, Plaintiff has suffered physical and mental injuries with great humiliation.

120. Chief Pustizzi, acting in his official capacity as Chief of Police for the City of Coral Springs Police Department, is vicariously liable for the torts committed by agents and employees acting within the scope of their employment pursuant to Florida Statutes §768.28.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against ANTHONY PUSTIZZI, acting in his official capacity as the Chief of Police for the City of Coral Springs Police Department, for compensatory damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## COUNT IX - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

121.   Plaintiff, Plesher, incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

122.   Plesher knew that the conduct described herein, leading to Plaintiff's unlawful detention and false arrest, would result in physical and emotional distress to Plaintiff.

123.   Plesher and his fellow officers conduct was extreme and outrageous, goes well-beyond all bounds of decency, and is odious and utterly intolerable in a civilized community.

124.   The extreme and outrageous conduct of A. Plesher and his fellow officers caused Plaintiff physical harm and emotional distress, including, but not limited to, a broken nose, concussion, lacerations and scarring to his right shoulder, post-traumatic stress disorder, and mental anguish and damages to his reputation in the community, causing him extreme embarrassment, all of which are permanent and lasting.

125.   The emotional distress suffered by Plaintiff is severe.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against A. PLESHER for compensatory and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## COUNT X - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

126. Plaintiff, incorporates the allegations contained in paragraphs 1 through 52 as if re-alleged and re-averred herein.

127. Jones knew that the conduct described herein, leading to Plaintiff's unlawful detention and false arrest, would result in physical and emotional distress to Plaintiff.

128. V. Jones and her fellow officers conduct was extreme and outrageous, goes well-beyond all bounds of decency, and is odious and utterly intolerable in a civilized community.

129. The extreme and outrageous conduct of Jones and her fellow officers caused Plaintiff physical harm and emotional distress, including, but not limited to, a broken nose, concussion, lacerations and scarring to his right shoulder, post-traumatic stress disorder, and mental anguish and damages to his reputation in the community, causing her extreme embarrassment, all of which are permanent and lasting.

130. The emotional distress suffered by Plaintiff is severe.

WHEREFORE, MICHAEL GEORGE FORREST requests judgment against V. JONES for compensatory and exemplary damages, together with interest, court costs, reasonable attorney's fees pursuant to 42 U.S.C. sec. 1988, and such further relief as the Court deems proper.

## IV. DEMAND FOR TRIAL BY JURY

Plaintiffs demand a jury trial in this action.

**SO DATED, this the 12th day of September, 2016**.

\*

\*

\*

\*

On Behalf of the Plaintiff
MICHAEL GEORGE FORREST

By: s/ Barry Roderman

COUNSEL FOR PLAINTIFF
Barry Roderman, Esq.
Fla. Bar No. 105637
Roderman & White, LLC
Trial Lawyers Building
633 SE 3rd Avenue
Suite 4 R
Fort Lauderdale, Florida 33301
Phone: (954) 761-8810
Fax: (954) 761-9911
bgr@barryroderman.com
